

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*Nicholas D. Moses*  
*Assistant United States Attorney*

*650 Poydras Street, Suite 1600*  
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3132*  
*Fax: 504-589-4014*

July 23, 2019

Honorable Wendy B. Vitter  
United States District Judge  
Eastern District of Louisiana  
500 Poydras Street  
New Orleans, Louisiana 70130

    Re:    **United States v. Alex MILLER**  
             **Criminal Docket No. 18-128-WBV-JVM**

Dear Judge Vitter:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement between the government and Alex MILLER, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Stephen Shapiro, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    This plea is a part of a multi-defendant plea agreement that the government is entering into with both of the defendants in this case, Larry DAVIS and Alex MILLER. For this agreement to be valid, *both* of these defendants and their defense attorneys must sign and return their respective plea agreements and their factual bases to the government.

    The government has agreed that should the Court accept the defendant's plea of guilty to Counts 1, 5, 8, and 9 of the Superseding Bill of Information, the government will request the Court to dismiss Counts 2, 3, 4, and 7 at the time of sentencing. However, the defendant understands that the Court is not bound to dismiss any count. The defendant has agreed to plead guilty to Counts 1, 5, 8, and 9 of the Superseding Bill of Information, which was filed on July 23, 2019, in which the defendant is charged in Count 1 with conspiring to distribute and to possess with the intent to distribute one hundred (100) grams or more of a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); and in Counts 5 and 8 of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2); and in Count 9 of possessing a firearm in furtherance of the drug crime charged in Count 1, in violation of Title 18, United States

                                                                                  AUSA _____  
                                                                                  Defendant _A.M._  
                                                                        Defense Counsel _SHS_

Code, Section 924(c)(1)(A). The government agrees that it will not charge the defendant with any other violations of the Federal Controlled Substances Act that he may have committed in the Eastern District of Louisiana prior to June 8, 2018, provided that the defendant has truthfully informed federal agents of the details of these crimes. The defendant understands that this agreement does not apply to any crimes of violence that the defendant may have committed.

The defendant understands that the maximum penalty he may receive on Count 1, should his plea of guilty be accepted, is imprisonment for at least five (5) years and up to forty (40) years, and/or a fine of $5,000,000, pursuant to Title 21, United States Code, Section 841(b)(1)(B). The defendant understands that the maximum penalty he may receive on Counts 5 and 8, should his plea of guilty be accepted, is imprisonment for up to ten (10) years, and/or a fine of $250,000. The defendant understands that the maximum penalty he may receive on Count 9, should his plea of guilty be accepted, is imprisonment for at least five (5) years, consecutive to any other sentence, and up life imprisonment, and/or a fine of $250,000.

The defendant is eligible to have a bill of information filed pursuant to Title 21, United States Code, Section 851, which would increase the statutory sentencing range for Count 1 to a mandatory minimum sentence of at least ten (10) years, and a maximum sentence of life imprisonment. The government agrees to dismiss the bill of information that it filed on November 7, 2018, and not to file a new bill of information against the defendant provided the defendant complies with the terms of this plea agreement.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code, for each count to which the defendant is pleading guilty. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a term of at least four (4) years and up to life as to Count 1 pursuant to Title 21, United States Code, Section 841(b)(1)(B); and may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a term of up to three (3) years as to Counts 5 and 8, and up to five (5) years as to Count 9. Supervised release is a period following release from prison during which the defendant's conduct will be monitored by the Court or the Court's designee. The defendant fully understands that if the defendant violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and the defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

2

AUSA
Defendant
Defense Counsel SHS

The defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in during the course of the conspiracy, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest his guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

3

AUSA
Defendant
Defense Counsel

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will provide any and all financial information and documentation requested by the government, and agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his inclusion in the Treasury Offset Program.

4

AUSA
Defendant
Defense Counsel SHS

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represent defendant's entire agreement with the government; there are not any other agreements, letters, or notations that will affect this agreement.

Sincerely,

PETER G. STRASSER
UNITED STATES ATTORNEY

_____  7/23/2019
NICHOLAS D. MOSES
ANDRÉ JONES
Assistant United States Attorneys

_____  7/23/19
ALEX MILLER       (Date)
Defendant

_____  7/23/2019
STEPHEN SHAPIRO   (Date)
Attorney for the Defendant

5